# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-863
Filed: May 9, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | Special Master Sanders |
| JORDIA NUNEZ and JOHN DIAZ, | * | |
| as legal representatives of J.J.D, | * | Interim Attorneys' Fees and Costs; |
| an infant, deceased, | * | Reasonable Amount Requested. |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for Petitioners.
Adriana Teitel, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 17, 2014, Jordia Nunez and John Diaz ("Petitioners") filed a petition on behalf of their deceased minor child, J.J.D., under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners allege that J.J.D. died as a result of the administration of Hepatitis B, Rotavirus, DTaP, HiB, IPV, and Pneumococcal vaccines on November 14, 2012. *See* Petition at Preamble, ECF No. 1. On February 3, 2015, Respondent filed a Rule 4(c) Report recommending against compensation. ECF No. 11. The parties have submitted

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

expert reports and an entitlement hearing is tentatively scheduled for an as yet undetermined date in 2018.

Petitioners previously requested and were awarded $12,000 in interim fees and costs as stipulated by the parties. Decision (Sept. 4, 2015), ECF No. 30. Interim fees and costs were awarded to their initial counsel, Mindy Michaels Roth.

Petitioners now seek an award of interim attorneys' fees in the amount of $18,536.50 and attorneys' costs in the amount of $11,603.26, pursuant to 42 U.S.C. § 300aa-15(e) (2012). Mot. Interim Att'ys' Fees and Costs (Dec. 21 2016), ECF No. 62. Respondent filed a response to Petitioners' motion for fees on January 5, 2107. Resp't's Resp. ("Resp."), ECF No. 64. Respondent deferred to the undersigned regarding whether an award of interim fees is appropriate in this matter, but also noted that "[P]etitioners themselves have neither incurred any costs nor suffered any undue hardship." Resp. at 2 n.2. Respondent then stated that he is otherwise "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met." Resp. at 2. Furthermore, Respondent stated that he is satisfied that there was a reasonable basis for this claim during Conway, Homer & Chin-Caplan's representation of Petitioners.[3] Resp. at 3 n.3. Petitioners did not file a reply thereafter. After careful consideration, the undersigned has determined to grant the request in full for the reasons set forth below.

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") While they are not routinely awarded, interim fees may be awarded when petitioner's counsel withdraws from a case. *See, e.g., Woods v. Sec'y of HHS*, 105 Fed. Cl. 148, 154 (2012). Shortly after filing their application for interim attorneys' fees and costs, Petitioners filed a Motion to Substitute Attorney Sylvia Chin-Caplan in place of Ronald C. Homer. This case has been pending for thirty-two months and is tentatively set for an entitlement hearing in 2018. Because of the protracted nature of these proceedings, the withdrawal of Ron Homer as counsel of record, and the substitution of Sylvia Chin-Caplan, the undersigned finds that it is appropriate to award interim attorneys' fees and costs to the Conway Homer firm at this time.

The undersigned would like to emphasize that interim fees and costs are not routinely awarded. *Woods*, 105 Fed. Cl. 148, 154 (2012). Interim fees and costs are the exception, rather than the rule. However, based on the overall circumstances of this case and the reasonableness of Petitioners' request, the undersigned **GRANTS** Petitioners' motion for interim attorneys' fees and costs.

The undersigned has reviewed Petitioners' former counsel's detailed records of time and expenses incurred in this case, and they are reasonable. **Accordingly, the undersigned hereby awards the amount of $30,139.76, in the form of a check made payable jointly to Petitioners**

---

[3] The law firm of Conway, Homer & Chin-Caplan is now known as Conway Homer, P.C. Ms. Chin-Caplan is now practicing as the Law Office of Sylvia Chin-Caplan.

**and Petitioners' former counsel, Ronald Homer, of Conway Homer, P.C.**[4]  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/ Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] The Clerk of Court is directed to send a copy of this decision to Petitioners' former counsel, Ron Homer, of Conway Homer, P.C., located at 16 Shawmut Street, Boston, MA 02116.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).