# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JORDIA NUNEZ *and* JOHN DIAZ | * | |
| *as legal representatives of J.J.D.,* | * | |
| *an infant, deceased,* | * | No. 14-863V |
| | * | Special Master Sanders |
| Petitioners, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for Petitioners;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      On September 17, 2014, Jordia Nunez and John Diaz ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program as legal representatives of J.J.D., a deceased infant.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioners alleged that the death of their minor son was caused by "adverse effects" of hepatitis B virus, rotavirus, diphtheria-tetanus-acellular pertussis, haemophilus influenza type B, inactivated polio, and pneumococcal conjugate vaccines that he received on November 14, 2012. An entitlement

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

hearing was held in Washington, DC, on February 22 and 23, 2018, and the parties filed post-hearing briefs thereafter. On March 29, 2019, the undersigned issued her decision denying entitlement. Petitioners appealed that decision and on August 8, 2019, the United States Court of Federal Claims issued its decision denying Petitioners' motion for review. Petitioners again sought review and on August 28, 2020, the Court of Appeals for the Federal Circuit issued a mandate affirming the Court of Federal Claims Decision to deny Petitioners' motion for review.

On February 25, 2021, Petitioners filed a motion for attorneys' fees and costs. (ECF No. 128) ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $320,362.15, representing $294,049.20 in attorneys' fees, $25,311.94 in attorneys' costs, and $1,001.01 personally incurred by Petitioners. Fees App. at 1. Respondent responded to the motion on March 3, 2021, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 130). Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

Petitioners requests the following hourly rates for the work of their counsel: for Ms. Sylvia Chin-Caplan: $400.00 per hour for work performed in 2016, $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019 and 2020; and for Mr. Timothy Mason, $225.00 per hour for work performed in 2017, $238.00 per hour for work performed in 2018, $247.00 per hour for work performed in 2019, and $253.00 per hour for work performed in 2020. These hourly rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Although the total number of hours billed are substantial, they are not wholly unreasonable as they reflect the large amount of work required by this case, including preparing for and attending a two day entitlement hearing, post-hearing briefing, and preparing briefs for two appeals (including oral argument before the Court of Appeals for the Federal Circuit). However, the large number of hours billed on appellate briefs appears excessive: over 65 hours on the motion for review before the Court of Federal Claims, over 112 hours on the opening brief to the Federal Circuit, and over 55 hours on the reply brief (these totals do not include any attendant interoffice communication between Ms. Chin-Caplan and Mr. Mason for coordinating research and drafting of these briefs). In the undersigned's experience, due to the familiarity of counsel with the case at that point along with the necessary overlap in subject matter of each brief, the undersigned would expect that an experienced attorney like Ms. Chin-Caplan could draft a quality brief in substantially less time than was billed in the instant case. All told, the amount of attorneys' fees expended solely on the drafting of these appellate briefs is over $100,000.00, which is excessive in the undersigned's experience.

Accordingly, the undersigned shall reduce the final award of attorneys' fees by $20,000.00 to approximate a twenty percent reduction of the time expended on their drafting. Petitioners are therefore awarded final attorneys' fees in the amount of $274,049.20

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $25,311.94 in attorneys' costs, comprised of acquiring medical records, postage, work performed by petitioners' medical expert, Dr. Douglas Miller, travel costs associated with attending the entitlement hearing in Washington, DC, and costs associated with preparing and filing the appeals. Fees App. at 49-50. Petitioners have provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioners are therefore awarded the full amount of costs sought.

### d. Petitioners' Costs

Pursuant to General Order No. 9, Petitioners have indicated that they have personally incurred costs totaling $1,001.01 in pursuit of their litigation. This amount is comprised of travel costs to attend the entitlement hearing. Petitioners' have provided adequate documentation of their costs and they are reasonable in the undersigned's experience. Petitioners' costs shall therefore be fully reimbursed.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $294,049.20 |
| (Reduction to Fees) | - ($20,000.00) |
| **Total Attorneys' Fees Awarded** | **$274,049.20** |
| | |
| Attorneys' Costs Requested | $25,311.94 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$25,311.94** |
| | |
| **Total Attorneys' Fees and Costs** | **$299,361.14** |
| | |
| **Petitioners' Costs** | **$1,001.01** |
| | |
| **Total Amount Awarded** | **$300,362.15** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $299,361.14, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their counsel, Ms. Sylvia Chin-Caplan; and**

    **2) a lump sum in the amount of $1,001.01, representing reimbursement for Petitioners' costs, in the form of a check payable to Petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

    **IT IS SO ORDERED**.

                                               s/Herbrina D. Sanders
                                               Herbrina D. Sanders
                                               Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.